## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

GERALD SILVER, *on behalf of himself*
*and others similarly situated*,

     Plaintiff,

v.                                                                                  CIV No. 22-400 MIS/GBW

CITY OF ALBUQUERQUE,

     Defendant.

## ORDER GRANTING MOTION TO STAY DISCOVERY

THIS MATTER comes before the Court on Defendant's Motion to Stay All

Discovery Until Resolution of Defendant's Pending Motion to Dismiss (*doc. 16*) and

Plaintiff's Response to Defendant's Motion to Stay and Cross-Motion for an Initial

Scheduling Order or, in the Alternative, to Compel Defendant's Participation in a Rule

26(f) Conference (*doc. 17*).  Having reviewed the Motions, their accompanying briefing

(*see docs. 20, 22*), and being otherwise fully advised, the Court GRANTS Defendant's

Motion to Stay Discovery and DENIES Plaintiff's Cross-Motion for an Initial Scheduling

Order or to Compel Participation in a Rule 26(f) Conference.

### I.   BACKGROUND

This case is a purported class action wherein Plaintiff alleges violations of the

Telephone Consumer Protection Act (TCPA) based on Defendant City of Albuquerque's

use of pre-recorded phone calls to convey information associated with virtual town hall

meetings.  *See generally doc. 1*.  Defendant filed its Motion to Dismiss and Brief in

Support on July 27, 2022, arguing that the Complaint fails to state a plausible claim for

relief pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See docs. 11*, *12*.  On August

23, 2022, Defendant filed its Motion to Stay All Discovery Until Resolution of

Defendant's Pending Motion to Dismiss ("Motion to Stay"), requesting a temporary

stay of discovery pending the Court's resolution of its Motion to Dismiss.  *See doc. 16*.

Plaintiff filed his Response to Defendant's Motion to Stay and Cross-Motion for an

Initial Scheduling Order, or, in the Alternative, to Compel Defendant's Participation in

a Rule 26(f) Conference ("Cross-Motion for a Scheduling Order") on August 24, 2022.

*See doc. 17*.  Defendant's Motion to Stay was fully briefed on September 6, 2022, *see doc.*

*21*, with the filing of Defendant's Reply and Cross-Motion Response, *see doc. 20*.

Plaintiff's Cross-Motion for a Scheduling Order was fully briefed on September 20,

2022, *see doc. 23*, with the filing of Plaintiff's Reply, *see doc. 22*.

## II.   STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly provide for a stay of

proceedings.  *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-

LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).  Federal Rule of Civil Procedure

26 does, however, provide that "[t]he court may, for good cause, issue an order to

protect a party or person from annoyance, embarrassment, oppression, or undue

burden or expense . . . ."  Fed. R. Civ. P. 26(c). Further, "[t]he power to stay proceedings

is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–255 (1936) (citation omitted).   In performing this weighing function, courts in this district consider the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.   *See, e.g.*, *Mestas v. CHW Grp. Inc.*, No. CV 19-792 MV/CG, 2019 WL 5549913, at *1 (D.N.M. Oct. 28, 2019) (citing *Todd v. Montoya*, No. CIV 10-0106 JB/RLP, 2011 WL 13286329, at *1 (D.N.M. Jan. 18, 2011)).

A stay of all discovery is generally disfavored.   *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009).   However, "[w]hen a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved." *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) (citing 8 Charles Alan Wright & Richard L. Marcus, Federal Practice & Procedure § 2040, at 521 (2d ed. 1994)).

III.   ANALYSIS

Defendant contends that a stay of discovery pending the resolution of its Motion to Dismiss is appropriate because its Motion to Dismiss, if granted, would dispose of the entire lawsuit, a stay of discovery would not prejudice Plaintiff, and the case is a putative class action. *See doc. 16* at 2-6. Plaintiff disputes those contentions and argues that the Court should enter an initial scheduling order containing a deadline for the parties to engage in a Rule 26(f) conference and a date for a Rule 16 scheduling conference—or otherwise compel Defendant's attendance in a Rule 26(f) conference—based on a straightforward application of Federal Rules of Civil Procedure 16(b) and 26(f)(1) and because the factors applied by courts in this district to similar motions to stay discovery weigh in favor of denying a stay. *See doc. 17*. For reasons explained at greater length below, the Court finds that the applicable factors, on balance, weigh in favor of staying discovery pending the resolution of Defendant's Motion to Dismiss.

### A. Plaintiff's Interest in Proceeding Expeditiously With the Lawsuit and the Potential Prejudice a Delay Would Cause to Plaintiff

With regard to the first factor—the prejudice a stay would cause to Plaintiff—the Court notes that Plaintiff undeniably has an interest in an expeditious resolution of his case. *See Ascent Energy, LLC v. Reach Wireline, LLC*, No. CV 21-326 KWR/CG, 2021 WL 3663852, at *2 (D.N.M. Aug. 18, 2021) (citing *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)). However, Plaintiff's interest in proceeding with discovery is not greater than any plaintiff's "generic" interest in a quick resolution of his case. *See id.* at *2-3.

Plaintiff contends that he would be prejudiced by a stay of discovery because he "needs to move expeditiously to preserve evidence and evidentiary quality, and especially witness recollections" because there is a potential for "percipient witnesses . . . to . . . forget the violations involved" or delete evidence such as call records and recordings. *See doc.* 17 at 3-4.  The weight of this prejudice is undermined by the fact that the phone calls that Plaintiff alleges putative class members received were pre-recorded, and as such, their contents will not change.  *See doc. 1* at ¶ 27, 34-35, 54, 56-57. Additionally, Plaintiff's decision to wait two years to initiate this case following the date he received the most recent allegedly unlawful call undermines his claim that time is of the essence due to evidence preservation issues.  *See doc. 1* at ¶ 82; *Ascent Energy, LLC,* 2021 WL 3663852, at *3 (finding that a plaintiff's failure to file its complaint until nearly seven months after the incident at issue in it occurred undermined its claims of prejudice stemming from a discovery stay).  Moreover, Defendant has affirmed that it is observing Plaintiff's preservation demand and "is taking good faith measures to comply with the obligation all litigants have to preserve evidence." *Doc. 20* at 4.  The Court finds that both the nature of the evidence in this case and Defendant's observance of the litigation hold mitigate Plaintiff's concern about preservation of evidence.  *See New Mexico Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, Civ. No. 12-526 MV/GBW, 2013 WL 12304061, at *1 (D.N.M. July 11, 2013) (finding that the burden of "substantial and expensive discovery" outweighed the potential prejudice of

evidence being lost during a stay of discovery, because that prejudice was minimized by a litigation hold).

Plaintiff also argues that he is prejudiced by a stay of discovery because the Court's resolution of the Motion to Dismiss could be without prejudice or could hinge on a correctable pleading defect, such that Plaintiff's ability to satisfy the applicable pleading standards would be augmented by discovery. *See doc. 17* at 4. Plaintiff acknowledges that one of the issues underlying the Motion to Dismiss—whether municipalities are subject to the TCPA—is not an issue that is likely to require substantial discovery, but states that if he is allowed to proceed with discovery, he "may very well end up naming [non-city entities] as co-Defendants should he be allowed to continue developing evidence against them in discovery" and also that Defendants' argument concerning the applicability of the TCPA to municipalities is not legally supportable. *Id.* Plaintiff additionally argues that a second issue underlying the Motion to Dismiss—whether the phone calls at issue fall within the FCC's emergency exception—"is highly fact-intensive" and therefore *would* be benefitted by discovery. *See id.* For three reasons, the Court does not find that these circumstances establish that significant prejudice to Plaintiff would result from a stay of discovery.

First, the Court declines to consider Plaintiff's argument that the issue of whether the TCPA applies to municipalities is settled, as it is beyond the scope of this Order. Second, the prejudice Plaintiff would suffer from being prevented from collecting

evidence against parties he might seek to add in an amended complaint is not a prejudice that is unique to Plaintiff or of a heightened valence in this case, except to the extent that the dispositive motion in this case implicates Rule 12(b)(6) (as opposed to Rule 12(b)(1)).  Therefore, it is the type of generalized prejudice that does not constitute an undue burden on Plaintiff.  In any event, Plaintiff has already had nearly four and a half months to investigate claims against new parties and bring them in to the case, and he will have an opportunity to resume his investigations of potential new parties should his Complaint survive Defendant's Motion to Dismiss.  Finally, the Court notes that Plaintiff has stated that he is developing his claims through Inspection of Public Records (IPRA) requests, which are beyond the scope of a discovery stay, so a stay would not completely stall Plaintiff's development of his claims.

### B.  Burden on Defendant From Proceeding Without a Stay

The second factor requires the Court to consider the burden on Defendant from denying a stay while its Motion to Dismiss is pending.  Defendant alleges that it would suffer an undue burden from proceeding with discovery during the pendency of its Motion to Dismiss because the Motion to Dismiss "raises substantial, legal issues regarding the viability of Plaintiff's Complaint and, if granted, will dispose of Plaintiff's Complaint in its entirety."  *See doc. 16* at 5.  Defendant emphasizes that the instant case is a putative class action, and as such, "[has] additional and significant discovery burdens because, in addition to merits discovery, the parties must also conduct class

certification discovery." *Id.* The Court agrees that the combination of these two circumstances militates strongly in favor of staying discovery.

As many sister district courts in this circuit have recognized, the burdens attendant to discovery on class action claims exceed the normal burdens of litigation and therefore are particularly salient for purposes of a motion to stay discovery. *See, e.g.*, *Anderson Living Tr. v. XTO Energy, Inc.*, CIVIL NO. 11-959 JH/LFG, 2012 WL 13001855, at *1-2 (D.N.M. May 15, 2012); *Stone v. Vail Resorts Dev. Co.*, Civil Action No. 09-cv-02081-WYD-KLM, 2010 WL 148278, at *2 (D. Colo. Jan. 7, 2010); *Valverde v. Xclusive Staffing, Inc.*, Civil Action No. 16-cv-00671-RM-MJW, 2016 WL 8737774, at *2 (D. Colo. Nov. 4, 2016) (citing *Grosvenor v. Qwest Commc'ns Int'l, Inc.*, Civil Action No. 09-cv-02848-WDM-KMT, 2010 WL 1413108, at *1 (D. Colo. Apr. 1, 2010)); *Edwards v. Zenimax Media, Inc.*, Civil Action No. 12-cv-00411-WYD-KLM, 2012 WL 1801981, at *3 (D. Colo. May 17, 2012). Therefore, the potential prejudice to Defendant from proceeding with burdensome class discovery during the pendency of a motion that could result in the dismissal of the entire case is undue. This factor, then, weighs in favor of staying discovery.

### C. Convenience to the Court

The third factor is the convenience to the Court of staying discovery. It is true, as Plaintiff points out, *see doc. 17* at 3, that stays pending 12(b)(6) motions are generally disfavored in this district because they may prolong litigation or incentivize the filing of

12(b)(6) motions as a strategy for pausing lawsuits, *see Ascent Energy, LLC*, 2021 WL 3663852, at \*4.  However, the pendency of a motion that could be fully dispositive of a purported class action is a unique circumstance that weighs in favor of a stay, given the elevated burdens on a court from overseeing class discovery.  *See Grosvenor*, 2010 WL 1413108, at \*2 (stating that "[t]he court's time is not well-served by being involved in possible discovery motions and other incidents of discovery—particularly given the elevated supervisory role of a court in class action litigation—where . . . a dispositive motion is pending").  Without expressing any opinion on the merits of Defendant's Motion to Dismiss, the Court finds that its arguments are at least colorable.  *See Roybal v. United States*, CIV No. 13-610 KG/GBW, 2014 WL 12617288, at \*2 (D.N.M. Apr. 9, 2014) (evaluating whether the arguments raised by a motion to dismiss were colorable in the context of ruling on a motion to stay discovery).  Therefore, the Court's convenience is best served by granting a stay and this factor weighs in favor of granting Defendant's Motion to Stay.

### D.  Interests of Third Parties

Under the fourth factor, the Court considers the interests of persons not parties to the litigation.  Here, this factor implicates the interests of putative class members,[1]

---

[1] Plaintiff proposes to define the class as:

All persons in the United States and its Territories whose cell phones the City made a prerecorded voice call to regarding a virtual town hall it was holding before such persons registered to attend any virtual town halls by visiting www.cabq.gov/townhall, where the calls did not refer to the COVID-19 pandemic or other situations potentially affecting the

who Plaintiff estimates may number in the "tens of thousands." *Doc. 1* at ¶ 102.

Plaintiff contends that the interests of putative class members are served by denying the

stay due to their "general interest in the speedy (or at least not unnecessarily slowed)

resolution of the case" and because "[Defendant's] prerecorded call efforts, which are

continuing, threaten additional intrusions on [their] privacy." *Doc. 17* at 6.  Defendant

counters that a stay of discovery is in the interests of putative class members by

"ensuring that the case is legally viable before they are subjected to discovery or

become the subject of discovery." *Doc. 16* at 6.  Having considered both parties'

arguments, the Court finds that this factor weighs in favor of granting a discovery stay.

Although it is true that putative class members have an interest in the speedy

resolution of this case, *see Spears v. Mid-Am. Waffles, Inc.*, Case No. 11-2273-CM, 2012 WL

12837278, at *3 (D. Kan. Mar. 8, 2012), the Court finds that this interest is—as Plaintiff

admits—general, *see doc. 17* at 6.  As discussed previously, a general interest in the

efficient resolution of a lawsuit is not a persuasive reason to deny a stay in these

circumstances.  Additionally, although Plaintiff's argument that putative class members

may suffer ongoing TCPA violations pending the resolution of this case facially holds

water, the magnitude of this potential prejudice must be discounted based on Plaintiff's

failure to allege that he or any putative class members have received a prerecorded call

---

public's health and safety imminently, at any time in the period that begins four year [sic]
from before the date of this complaint's filing to trial.
*Doc. 1* at ¶ 97.

allegedly in violation of the TCPA since December 2, 2020.  *See doc. 1* at ¶ 57; *see generally doc. 1.*  By contrast, the Court finds that putative class members have an interest in not being the subjects of class discovery and other investigation before the Motion to Dismiss is resolved.  Based on Plaintiff's statement that he will seek to add other named plaintiffs by amended complaint "as more information is obtained through further investigation and discovery," *see doc. 1* at ¶ 107, the Court finds that this interest outweighs putative class members' interest in avoiding the alleged harm of ongoing recorded phone calls.  Therefore, this factor weighs in favor of a stay.

### E.  The Public Interest

Finally, the Court considers the final factor of whether a discovery stay is in the public interest.  The parties agree that Defendant's status as a public entity implicates the financial interests of taxpayers, but disagree whether these considerations should weigh in favor of or against a stay.  Defendant argues that the taxpayers' interest in efficient resolution of this case "is particularly acute" because Defendant is a public entity whose legal fees are funded by taxpayers, and taxpayers will shoulder any discovery expenses.  *Doc. 16* at 6.  In contrast, Plaintiff contends that the taxpayers' interest is best served by permitting discovery to go forward, because he will pursue IPRA requests to develop evidence "regardless of whether formal discovery is proceeding or not," and IPRA requests are a less efficient means of gathering information and therefore less resource-efficient overall.  *See doc. 17* at 5-6.  The Court is

unable to adopt the logic of Plaintiff's argument based on Plaintiff's admission that he will pursue IPRA requests regardless of whether discovery is stayed or not. *See id.* at 6. The Court has no basis for finding that permitting discovery to move forward would decrease Defendant's—and therefore the taxpayers'—overall burden associated with responding to Plaintiff's requests. On the other hand, the Court is persuaded that Defendant has an interest in foregoing the costs of discovery, including class discovery, pending resolution of its Motion to Dismiss. The fifth factor weighs in favor of granting a stay.

## IV. CONCLUSION

To summarize, the Court finds that Plaintiff's interest in a rapid and efficient resolution of this case is outweighed by the burden to Defendant of continuing discovery and the convenience to the Court of granting a stay. Additionally, the Court finds that the interests of putative class members and the public are served by a stay.

Accordingly, Defendant's Motion to Stay (*doc. 16*) is GRANTED and Plaintiff's Cross-Motion for an Initial Scheduling Order (*doc. 17*) is DENIED. This matter is HEREBY STAYED pending ruling on Defendant City of Albuquerque's Motion to Dismiss (*doc. 11*).

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE